```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
UNITED STATES OF AMERICA,                 :
                                          :
            -against-                     :        SUMMARY ORDER
                                          :        07-CR-543 (DLI)(SMG)
KAREEM IBRAHIM,                           :
      also known as "Amir Kareem,"        :
                                          :
                  Defendant.              :
---------------------------------------------------------------x
```
**DORA L. IRIZARRY, United States District Judge:**

Familiarity with the background of this case is assumed. *See generally United States v. Defreitas*, 2010 WL 1850950 (E.D.N.Y. May 6, 2010); *United States v. Defreitas*, 2010 WL 1223244 (E.D.N.Y. Mar. 24, 2010); *United States v. Defreitas*, 2011 WL 317964 (E.D.N.Y. Jan. 31, 2011). In advance of the trial of codefendants Russell Defreitas and Abdul Kadir, the government disclosed a document relating to an October 2006 meeting involving Detective-Investigator Robert Addonizio and Detective Michael Hanratty (the "document"). Defendant Russell Defreitas then filed a motion, joined by codefendant Kadir, requesting that the court compel the government to disclose: the identity and agency affiliation of the author of the document, the date the document was generated, the names and agencies of all attendees at the meeting and information about what statements were made by which attendees at the meeting (the "information"). Defreitas further requested a hearing under the Classified Information Procedures Act ("CIPA") to determine whether any classified information contained in such a disclosure would be admissible. (Docket No. 356.) The court orally denied the defendants' motion, holding that the information sought by the defense was irrelevant and constituted "extrinsic proof of a collateral matter." (Trial Transcript, July 7, 2010, at 2867-68, 2872.) As a result, the court held that no CIPA hearing was necessary. (*Id.*)

1

On March 14, 2011, defendant Ibrahim filed the instant motion to compel disclosure of the same information requested by defendant Defreitas. In Ibrahim's motion, he reiterates the arguments previously advanced by defendant Defreitas and also requests a CIPA hearing. As set forth below, the motion is denied in its entirety.

**DISCUSSION**

The law of the case doctrine "is implicated when a court reconsiders its own ruling in the absence of an intervening ruling on that issue by a higher court." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002). This doctrine requires that "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." *Id.* (internal citations and quotation marks omitted). "Cogent" and "compelling" reasons include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *United States v. Tenzer,* 213 F.3d 34, 39 (2d Cir. 2000). Defendant has failed to identify any cogent or compelling reason for reconsideration. Therefore, reconsideration is denied.

Even if the court were to reconsider its prior ruling, the motion must be denied on the merits. The document does not contain substantially verbatim statements of any trial witness, nor was the document adopted by any trial witness. Thus, the document is "irrelevant as an impeaching prior inconsistent statement, and . . . inadmissible." *See United States v. Almonte*, 956 F.2d 27, 29 (2d Cir. 1992). Moreover, the defendant seeks the information mainly to obtain evidence on entirely collateral issues, which is properly excludable. *See United States v. Purdy*, 144 F.3d 241, 246-47 (2d Cir. 1998). Lastly, the information is even less relevant to Ibrahim than it was to Defreitas because the meeting in question took place in October 2006, before

Ibrahim became involved in the investigation. Accordingly, defendant's motion is denied. This result is particularly proper in this instance because the evidence Ibrahim seeks is available from more-appropriate and non-confidential sources.

## **CONCLUSION**

For the reasons set forth above, defendant's motion to compel and request for a CIPA hearing is denied.

SO ORDERED
DATED: Brooklyn, New York
March 17, 2011

                                                                                    /s/
                                                        DORA L. IRIZARRY
                            United States District Judge