UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
UNITED STATES OF AMERICA, :
:
    -against- : **SUMMARY ORDER**
: 07-CR-543 (DLI)(SMG)
KAREEM IBRAHIM, :
also known as "Amir Kareem" :
and "Winston Kingston," :
:
    Defendant. :
---------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

    Familiarity with the background of this case is assumed. *See generally United States v. Defreitas*, 2010 WL 1850950 (E.D.N.Y. May 6, 2010); *United States v. Defreitas*, 2010 WL 1223244 (E.D.N.Y. Mar. 24, 2010); *United States v. Defreitas*, 2011 WL 317964 (E.D.N.Y. Jan. 31, 2011). At the trial of codefendants Russell Defreitas and Abdul Kadir, the government introduced certain documents seized from Kadir's home (the "documents").[1] On May 5, 2011, defendant filed the instant motion *in limine* to preclude the introduction of the documents at Ibrahim's trial. As set forth below, the motion is denied in its entirety.

## DISCUSSION

    Defendant moves to preclude the documents on the bases of hearsay, relevance and prejudice. The documents can be categorized into three groups: (1) those offered to establish the relationship between Kadir and Ibrahim (government exhibits: 308, 311-13, 357, 359); (2) those offered to prove Kadir's ties to Iranian revolutionary leadership (government exhibits: 303, 303A-F, 307, 319, 319T, 320, 322-25, 332-3, 335-36, 338-39, 341-42); and (3) those offered to

---

[1] The documents consist of government exhibits 301, 303, 303A-F, 307-08, 310-13, 319, 319T, 320-25, 332-33, 335-36, 338-39, 341-42, 357 and 359. Government exhibits 357 and 359 were not offered at the previous trial, but the government has represented its intention to do so at Ibrahim's trial. The government noted its intention to introduce exhibit 359 in its submission dated May 13, 2011. (Docket Entry 581.)

1

prove Kadir's motive and intent (government exhibits: 301, 310, 321).  The government opposes defendant's motion contending that, given the purposes for which the documents are being offered, they do not constitute hearsay and are otherwise properly admissible.  The court concurs with the government's reasoning.

I. Relationship Between Kadir & Ibrahim

The documents are admissible against Ibrahim for a non-hearsay purpose—to establish a relationship between Kadir and Ibrahim. *See U.S. v. Mishkin*, 317 F.2d 634, 637 (2d Cir. 1963) (notes containing defendant's phone number, which were found in co-conspirator's possession, were properly offered for the non-hearsay purpose of establishing a connection between the defendants).  The fact that the documents may have been created outside the time-frame of the charged conspiracy does not affect that determination. *Id.*  Evidence outside the scope of an alleged conspiracy is routinely offered for legitimate purposes. *See, e.g.*, *U.S. v. Pipola*, 83 F.3d 556, 555-56 (2d Cir. 1996) (extrinsic act evidence properly admitted to help the jury understand the basis for the co-conspirators' relationship of mutual trust).

II. Kadir's Ties to Iranian Revolutionary Leadership

"[E]vidence that provides background information necessary to the jury's understanding of the nature of the conspiratorial agreement properly is admitted 'to furnish an explanation of the understanding or intent with which certain acts were performed.'" *U.S. v. Salameh*, 152 F.3d 88, 111 (2d Cir. 1998) (citations omitted).  These documents provide background as to Kadir's ties to Iranian revolutionary leadership, in addition to explaining the state of mind with which Kadir's trip to Iran was attempted—a non-hearsay purpose. *See id.* at 112 ("As proof of defendants' state of mind, [defendant's] terrorist materials were not hearsay under Rule 801(c), and their failure to come within Rule 801(d)(2)(E) is of no consequence.").  The documents also

tend to prove Kadir's ability to accomplish the goals of the charged conspiracy. Accordingly, these documents are admissible against Ibrahim.

   III.   Kadir's Motive & Intent

"Where a defendant is a member of a conspiracy, all the evidence admitted to prove that conspiracy, even evidence relating to acts committed by co-defendants, is admissible against the defendant." *Salameh*, 152 F.3d at 111 (citations omitted). Even though motive does not bear directly on the elements of a charged crime, evidence offered to prove motive is commonly admitted. Thus, these documents are properly admissible against Ibrahim for a non-hearsay purpose—Kadir's motive and intent to engage in the alleged plot. *See Id.* at 111-12 (terrorist materials found in co-conspirator's possession were properly offered to prove the defendant's state of mind).

   IV.   Federal Rule of Evidence 403

Rule 403 does not preclude introduction of the documents. As mentioned above, the documents are certainly relevant to explain: (1) the relationship between Kadir and Ibrahim; (2) Kadir's ties to Iranian revolutionary leadership; and (3) Kadir's motive and intent to engage in the alleged plot. *See* FED. R. EVID. 401 (defining relevant evidence as evidence having any tendency to make a fact of consequence to the determination of the action more or less probable than without the evidence).

Defendant contends that the documents will confuse the jury and waste time, but provides no argument or caselaw to support those contentions. The court disagrees. As discussed above, the documents are admissible for proper purposes. As such, they are probative and not cumulative. Moreover, any confusion will be minimized through the limiting instructions the court intends to deliver concerning the documents.

Defendant also argues that the documents are unfairly prejudicial because: (1) their content will inflame the jury's passions; and (2) he will have no opportunity to cross-examine their author or challenge their authenticity. Although some of the documents express anti-American sentiment and mention "jihad," the documents are no more inflammatory than the statements of the defendant and his alleged co-conspirators made during recorded discussions of the underlying plot, nor do they suggest conduct more serious than the charged conspiracy. Lastly, although defendant will not be able to cross-examine co-defendant Kadir, counsel will have the opportunity to cross-examine the witness through whom the documents are offered. Because the documents are not being offered for the truth of the matters asserted in them and the court will instruct the jury as to the limited bases of admissibility, the court finds this level of cross-examination sufficient. In short, the documents are not unfairly prejudicial.

## **CONCLUSION**

For the reasons set forth above, defendant's motion is denied.

SO ORDERED

DATED: Brooklyn, New York
May 13, 2011

                                                  /s/
                                   DORA L. IRIZARRY
                             United States District Judge