UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,                          :
                                                   :        **SUMMARY ORDER**
                          -against-                :        07-CR-543 (DLI)
                                                   :
KAREEM IBRAHIM,                                    :
                                                   :
                                   Defendant.      :
-------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On May 26, 2011, Defendant Kareem Ibrahim was convicted after a trial by jury of conspiracy to: (1) detonate explosives in a public transportation system in violation of 18 U.S.C. § 2332f(a)(1); (2) damage real property used in interstate commerce with explosives in violation of 18 U.S.C. § 844(i); (3) place destructive devices in proximity to airplanes and endangering their safety in violation of 18 U.S.C. § 32(a)(2); (4) use weapons to destroy and seriously damage international airport facilities in violation of 18 U.S.C. § 37(a)(2); and (5) place destructive devices in, upon or near mass transportation terminals, structures or facilities in violation of 18 U.S.C. § 1992(a)(4)(B).[1]  The conviction was based on a plot to attack the fuel tanks, airplanes and other property at John F. Kennedy International Airport ("JFK").  On June 24, 2011, Defendant filed a motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 ("Rule 29"), regarding his conviction for conspiring to attack JFK.  The

_____

[1] On August 2, 2010, co-defendants Russell Defreitas and Abdul Kadir were convicted of these offenses after a trial by jury.  Mr. Defreitas was also convicted of surveillance of a mass transportation facility in violation of 18 U.S.C. § 1992(a)(8), with which Mr. Ibrahim had not been charged.  Both Mr. Defreitas and Mr. Kadir were sentenced to life imprisonment on February 17, 2011 and January 18, 2011 respectively.  Co-defendant Abdel Nur pled guilty on the eve of trial, June 29, 2010, to a one-count superseding prosecutor's information charging him with providing material support to terrorists in violation of 18 U.S.C. §§ 2332(f), 2339A.  On January 13, 2011, Mr. Nur was sentenced to fifteen years of imprisonment.

government opposed the motion. On August 10, 2011, following oral argument, the court denied the Defendant's motion and indicated that a written opinion would follow.

## I.    <u>Legal Standard</u>

Rule 29 "imposes a heavy burden on the defendant, whose conviction must be affirmed 'if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *United States v. Cote*, 544 F.3d 88, 98 (2d Cir. 2008) (citation omitted). A court's conclusion that "no rational trier of fact could have found the defendant guilty beyond a reasonable doubt" must be based on its consideration of "all of the evidence, direct and circumstantial." *United States v. Eppolito*, 543 F.3d 25, 45 (2d Cir. 2008) (citation omitted).

On a post-verdict motion for a judgment of acquittal, a trial court may not "substitute its own determination of the weight of the evidence and the reasonable inferences to be drawn for that of the jury." *Cote*, 544 F.3d at 99 (internal quotation and typographical marks omitted). Instead, "[t]he court must give full play to the right of the jury to determine credibility, and must draw all possible inferences in favor of the government." *Id.* In other words, the court must "[v]iew[ ] the evidence in the light most favorable to the government," which means "crediting every inference that the jury may have drawn in favor of the government, and recognizing that the government's evidence need not exclude every other possible hypothesis." *Eppolito*, 543 F.3d at 45 (internal quotation marks and citations omitted). However, "specious inferences are not indulged, because it would not satisfy the Constitution to have a jury determine that the defendant is *probably* guilty." *United States v. Lorenzo*, 534 F.3d 153, 159 (2d Cir. 2008) (internal quotation marks and citations omitted). Deference to a jury's verdict "is especially important when reviewing a conviction for conspiracy because a conspiracy by its very nature is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in

court with the precision of a surgeon's scalpel." *Eppolito*, 543 F.3d at 46 (internal quotation marks and citation omitted).

## II. <u>Analysis</u>

As set forth above, Defendant stands convicted, after a trial by jury, of a conspiracy to commit a terrorist attack at JFK airport in violation of five federal statutes. To satisfy its burden to prove Defendant is guilty of the charged conspiracies, the government had to prove beyond a reasonable doubt that: (1) two or more persons entered into the charged conspiracy to violate the counts referenced above, and (2) Defendant knowingly and intentionally became a member of the conspiracy. In addition to proving the requirements for a conspiracy for all five counts, the government must have proven, beyond a reasonable doubt, each element of the individual counts, which are laid out in detail both in the indictment and the jury instructions given in this case.[2] The parties' familiarity with the elements required for each count is presumed and, thus, will not be repeated in detail herein.

In his Rule 29 motion, Defendant essentially argues that "[t]he evidence as a whole leads to the conclusion that [Mr.] Ibrahim never agreed to join the plot" because, among other reasons: (1) there was no discussion among the alleged co-conspirators regarding bombing, detonation, or logistical details; (2) Mr. Ibrahim did not actually understand the plot; (3) Mr. Ibrahim "purposely dragged his feet instead of taking steps to advance the plot;" (4) there was no link between Mr. Ibrahim and Mr. Kadir; and (5) Mr. Ibrahim did not keep the JFK blueprints. Defendant also argues that the verdict was erroneous because "the bulk of physical evidence at trial [was] comprised [of] materials seized from Defreitas and Kadir," and evidence seized from Kadir's residence was introduced over his objections. (*See* Memorandum in Support at 14-15.)

_____

[2] Notably, none of the parties objected to the legal instructions given to the jury at the end of the case.

The Government disagrees, contending that it "introduced overwhelming evidence of defendant Kareem Ibrahim's complicity in the conspiracy to commit a terrorist attack at [JFK]." (*See* Docket Entry No. 629 at 1.)  The court agrees with the Government.

Analysis of the evidence and testimony that Defendant relies on to support his innocence, consists entirely of credibility and judgment calls made by the jury in rendering its decision, which the court must defer to for purposes of Defendant's Rule 29 motion.  The government presented overwhelming evidence to support the jury's finding of guilt, including testimony from Steven Francis, a confidential informant working for the Joint Terrorism Task Force ("JTTF"), that Mr. Ibrahim joined the conspiracy to commit a terrorist attack at JFK airport, as well as consensual audio recordings of conversations in which Mr. Ibrahim explicitly agreed to join the conspiracy, provided strategic advice and took steps to further the conspiracy.  (*See* Trial Tr. at 252-54, 376.)

Specifically, as set forth in the government's opposition to the instant motion, which contained detailed and ample citation to the record, the evidence showed that Mr. Ibrahim advanced the conspiracy by, among other things: (i) agreeing to secure the video and satellite images of the airport; (ii) agreeing to locate funding and support for the attack, and advising how the terrorist attack should be funded; (iii) steering the plot to revolutionary leadership in Iran; (iv) identifying code words for plot communications; (v) advising the conspirators to obtain a blueprint of the airport to supplement the video and satellite images; (vi) advising the conspirators how to execute the attack, including destroying the air traffic control tower and using suicide attackers; (vii) agreeing to identify a conspirator to send to Iran to pitch the terrorist plot; and (viii) instructing the conspirators regarding how to avoid law enforcement scrutiny by

various techniques, including wiretaps and searches of homes and computers. (*See* Docket Entry No. 629 at 2-4.)

As the government stated during oral argument, Mr. Ibrahim has continuously changed his story. (*See* 8/10/11 Oral Argument Tr. at 37.) First, when submitting his sworn affidavit to the Trinidadian court during extradition proceedings, Mr. Ibrahim argued that he understood the plot, but told the other members of the plot that he would not participate. Then, during the trial, Mr. Ibrahim testified that he understood the plot and pretended to go along with it, but he did not mean what he said on the recordings and had no intention to actually join the conspiracy. Finally, with regards to the instant motion, Mr. Ibrahim argues that he did not understand the plot at all.

After listening to all of the evidence presented at trial, including Mr. Ibrahim's own testimony and his own words to the co-conspirators and the informant recorded on tape, the jury reasonably determined that Mr. Ibrahim's story was not credible and any conflicting evidence should be resolved against Mr. Ibrahim. Mr. Ibrahim is a well educated man that the defense witnesses themselves characterized as a religious scholar specializing in the study of comparative religions, and an "imam" or religious leader for the Trinidadian Shiite community. Thus, a rational trier of fact could hardly believe that Mr. Ibrahim did not understand the plot or its purpose. Notably, the jury, by its verdict and in the face of this overwhelming evidence, rejected the very same arguments raised in the instant defense motion as they were made by defense counsel on summation.

In sum, the court finds that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Accordingly, defendant's motion for a judgment of acquittal pursuant to Rule 29 is denied.

SO ORDERED.

Dated: Brooklyn, New York
   October 19, 2011

/s/
_____
DORA L. IRIZARRY
United States District Judge
